UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| REGINA BOWMAN, | : | Case No. 1:07-cv-933 |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE ALJ UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); AND (3) THIS CASE BE CLOSED.**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff was not entitled to disability insurance benefits ("DIB") and supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") at 13-23) (ALJ's decision)).

**I.**

On July 23, 2003, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 28, 2001, due to seizure disorder, renal failure, memory loss, right knee pain and swelling, and inability to stand, sit or walk very long. (Tr. 61, 112, 120). Plaintiff's claim was denied initially and upon reconsideration.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff then timely requested a hearing before an ALJ. A hearing was held on December 8, 2005, at which Plaintiff appeared with counsel and testified. (Tr. 828-62). A vocational expert, Dr. Janice Bending was also present and testified.

On January 24, 2006, the ALJ entered her decision finding Plaintiff was not disabled. (Tr. 13-23). That decision became Defendant's final determination upon denial of review by the Appeals Council. (Tr. 6-9).

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant alleges that she has been unable to work since December 28, 2001.

2. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in section 216(i) of the Social Security Act and is insured for benefits at least through the date of this decision.

3. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.

4. The claimant has one or more medically determinable impairments that are considered "severe" based on the requirements in the Regulations. 20 C.F.R. 1520(c) and 416.920(c).

5. The claimant has physical impairments that include history of seizures, osteoarthritis, obesity, and hypertension. Her mental impairments are depression, borderline intellectual functioning, and a history of alcohol and marijuana use.

6. The claimant's impairments do not meet or medically equal one of the listed impairments in Appendix, 1 Subpart P, Regulations No. 4.

7. The claimant's allegations regarding the disabling severity of her impairments was not credible for reasons set forth in the body of this

>decision. The claimant has consistently denied a significant history of
>alcohol abuse even though the record shows otherwise.
>
>8. The claimant has the residual functional capacity to perform the requirements of light work, as defined in the Regulations at 20 CFR 404.1567 and 416.967.
>
>9. The claimant's past relevant work as a housekeeper did not require the performance of work-related activities precluded by the above limitations.
>
>10. The claimant's impairments do not prevent her from performing her past relevant work as a housekeeper, both the hotel cleaner/housekeeper job designated in the *Dictionary of Occupational Titles* as light work and the household day worker housekeeper job as she performed in private residences at the light physical demand level.
>
>11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(f) and 416.920 (f)

(Tr. 21-22).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not eligible for DIB or SSI during the closed period. (Tr. 22).

On appeal, Plaintiff maintains that: (1) the ALJ erred in evaluating Plaintiff's RFC; (2) the ALJ erred in weighing the opinions of Drs. Glaser and Prenger; (3) the ALJ erred in evaluating Plaintiff's pain, credibility and subjective complaints; and (4) the ALJ erred in evaluating Plaintiff's past relevant work.

Upon careful review, the undersigned finds that the ALJ erred in evaluating Plaintiff's RFC and erred in weighing the opinions of Drs. Glaser and Prenger. These

failures cause there to be insufficient evidence without further fact-finding to support the ALJ's finding of non-disability, and, accordingly, the undersigned hereby recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g).

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that

left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For her first two assignments of error, Plaintiff maintains that the ALJ erred in finding that Plaintiff had the RFC for light work, and erred in weighing the opinions of Drs. Glaser and Prenger. For the reasons that follow, the undersigned finds Plaintiff's assertions to be well-taken.

The ALJ found Plaintiff had the RFC to perform light exertional work but should not be required to use foot controls frequently or work around unprotected heights and dangerous machinery and was also limited to simple, routine, repetitive work ("a range of light work"). (Tr. 20, 22) . As a result, and based on the vocational expert's testimony, the ALJ concluded that Plaintiff was able to perform her past relevant work as a housekeeper and was, therefore, not disabled. (Tr. 21, 22).

In August 2005, Dr. Glaser, a state agency physician, performed a consultative evaluation of Plaintiff. (Tr. 763-74). Upon examination, Dr. Glaser completed a "Medical Source Statement of Ability to do Work-Related Activities (Physical) wherein she concluded Plaintiff was capable of performing a moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects. (Tr. 766). She noted that Plaintiff was capable of performing <u>sedentary</u> work activities commensurate with her age. (Tr. 766). Dr. Glaser found that Plaintiff could occasionally climb and stoop, but could <u>never balance, kneel, crouch or crawl.</u> (Tr. 772) (*emphasis added*).

Dr. Glaser reported that flexion of Plaintiff's knees was normal to 150 degrees

bilaterally, with extension normal to 0 degrees bilaterally. (Tr. 765, 767, 770). However, she found crepitus bilaterally (right more than left) with passive range of motion, but no evidence of heat, erythema, effusion, ligamentous laxity or tenderness to palpation over the knee joints (Tr. 765). There were bony hypertrophic changes bilaterally (right more than left). (Tr. 765). Thus, Dr. Glaser noted that Plaintiff had evidence of degenerative joint changes in both knees with crepitus and bony hypertrophic changes. (Tr. 766).

However, as noted above, the ALJ found Plaintiff capable of performing light work, and the ALJ gave no weight to the no kneeling, crawling and crouching limitations found by Dr. Glaser, the <u>state agency physician</u>. Instead, the ALJ stated:

> With such benign findings, there is no reason the claimant could not perform occasional kneeling and crouching as required by both housekeeping jobs.

(Tr. 17.)

The undersigned does not dispute that it is the ALJ's prerogative to resolve conflicts and weigh the evidence of record. However, it appears, in making her own evaluations of the medical findings, the ALJ, in part, impermissibly acted as her own medical expert. *See Rousey v. Heckler,* 771 F.2d 1065, 1069 (7th Cir. 1985); *Kent v. Schweiker,* 710 F.2d 110, 115 (3d Cir. 1983); *Lund v. Weinberger,* 520 F.2d 782, 785 (8th Cir. 1975). While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, she is not permitted to make her own evaluations of the medical findings. *See McBrayer v. Secretary of Health & Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983); *Filocomo v. Chater,* 944 F. Supp. 165,

170 (E.D.N.Y. 1996).

Furthermore, Plaintiff also challenges the ALJ's decision to give no weight to Dr. Prenger's opinion that Plaintiff is capable of performing only sedentary work. The undersigned finds Plaintiff's assertion to be well-taken.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating physician's opinion is contradicted by substantial evidence, the opinion is not to be dismissed, and it is still entitled to deference. *Roush*, 326 F.Supp. 2d at 862.

In October 2005, Dr. Prenger completed a "Questionnaire" form and listed Plaintiff's diagnoses as osteoarthritis, hypertension, hyperlipidemia, depression, chronic back pain, pseudoseizure disorder, asthma, CRI (chronic renal insufficiency), and allergic interstitial nephritis. (Tr. 780-82). Dr. Prenger noted that Plaintiff had knee pain, especially with prolonged standing and sitting, decreased energy and appetite, and sadness. (Tr. 780). Dr. Prenger opined that Plaintiff could lift and carry ten pounds occasionally and zero pounds frequently, sit for a total of five hours in an eight-hour day, and stand and walk for a total of three hours in an eight-hour day. As the ALJ recognized, Dr. Prenger's assessment limited Plaintiff to sedentary work.

However, the ALJ gave no weight to Dr. Prenger's findings, concluding that he

provided no objective rationale or clinical findings in support of the limitations. The ALJ also noted that Plaintiff had not undergone physical therapy for her knees nor had arthroscopic surgery. In rejecting Dr. Prenger's opinion, the ALJ further noted that Plaintiff has not completed other forms of treatment often seen in cases of severe orthopedic impairment.

Plaintiff maintains, however, that in rejecting Dr. Prenger's assessment, the ALJ improperly "played doctor" in rejecting objective medical findings. Plaintiff asserts that Dr. Prenger's questionnaire is supported by exam results, plaintiff's treatment history, and testing (including 2005 x-rays of Plaintiff's knees which show severe arthritis in both knees). (Tr. 782). Plaintiff further asserts that Dr. Prenger's findings are entitled to controlling weight because they are supported by, and consistent with, those of Dr. Glaser. *See Wilson.,* 378 F.3d 541 at 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

Upon careful review, the undersigned finds Plaintiff's assertions to be well-taken. X-rays of Plaintiff's knees taken in April 2005 show "severe medial and anterior compartment arthrosis" and therefore support Dr. Prenger's assessment. (*See* Tr. 801-02.) Moreover, the undersigned agrees with Plaintiff that the ALJ appears to "play doctor" in her evaluation of the medical findings and in her rejection Dr. Prenger's opinion based on a treatment regimen the ALJ believed plaintiff should have undergone, *i.e.*, physical therapy and/or arthoscopic surgery. As noted above, while an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical

opinions, she is not permitted to make her own evaluations of the medical findings. *See McBrayer v. Secretary of Health & Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983); *Filocomo v. Chater,* 944 F. Supp. 165, 170 (E.D.N.Y. 1996).

Based on the evidence of record, the undersigned finds that the evidence is not substantial in support of the ALJ's decision that Plaintiff is capable of performing light work and is not limited to sedentary work.[2]

Accordingly, the undersigned finds that this matter should be remanded for further fact-finding in order to obtain an additional consultative examination and functional assessment, to reevaluate the weight to be given to the opinion of Drs. Glaser and Prenger, and to provide an accurate RFC assessment.

**B.**

For her last assignment of error, Plaintiff maintains that the ALJ's hypothetical questions to the vocational expert were improper because they did not include the significant limitations found by Dr. Glaser on balancing, kneeling, crouching and crawling, all of which are required to perform Plaintiff's past relevant work as defined in the Dictionary of Occupational Titles. Plaintiff's contention is well-taken.

---

[2] If limited to sedentary work, Plaintiff is disabled under Grid Rule 201.04. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table 1, Rule 201.04

Substantial evidence may be produced through reliance on the testimony of a VE in response to "hypothetical" question, but only if the question accurately portrays the claimant's individual physical and mental impairments. *Culbertson v. Barnhart*, 214 F.Supp.2d 788, 798 (N.D.Ohio 2002)(citing *Varley v. Secretary of H.H.S.*, 820 F.2d 777, 779 (6th Cir.1987)).

As noted above, the ALJ found that Plaintiff was capable of performing her past relevant work as a housekeeper and therefore was not disabled. However, the undersigned finds that the ALJ's questioning of the VE did not accurately portray the Plaintiff's impairments, in particular the findings of Dr. Glaser that Plaintiff should never balance, kneel, crouch or crawl. As noted above, in rejecting these findings, it appears that the ALJ impermissibly acted as her own medical expert.

Accordingly, further fact-finding is necessary.

### III.

A sentence four remand provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused

-10-

the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Culbertson v. Barnhart,* 214 F. Supp. 2d 788, 795 (N.D. Ohio 2002) (*quoting Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551 (6th Cir. 1984)).

## IV.

Based upon the foregoing, the undersigned concludes that remand is appropriate in this matter because there is insufficient evidence to support the ALJ's decision.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner to deny plaintiff DIB and SSI benefits be **REVERSED**, and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g).

On remand, the Commissioner shall obtain an additional consultative examination and functional assessment of Plaintiff's physical abilities in order to reevaluate the weight to be given to the opinions of Drs. Glaser and Prenger and to provide an accurate RFC assessment. Additionally, the Commissioner's hypothetical questions to the vocational expert shall accurately portray Plaintiff's impairments and limitations.

**IT IS SO RECOMMENDED.**

Date: February 27, 2009     s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| REGINA BOWMAN, | : | Case No. 1:07-cv-933 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).